## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

EDWIN TURLINGTON,         )
         )
         Plaintiff,    )
         )    Case No. 21-CV-142-CVE-CDL
v.         )
         )
WINSTON H. CONNOR, II, et al.,    )
         )
         Defendants.    )

## OPINION AND ORDER

Plaintiff's Motion for Sanctions (Doc. 69), requesting sanctions against defendant Nicholas Lelecas, is before the undersigned by reference. Because the plaintiff seeks monetary sanctions, and does not seek relief that is dispositive of a claim or defense, the undersigned considers the referral to be for decision. *See* Fed. R. Civ. P. 72(a) (magistrate judge may determine non-dispositive pretrial matters); 28 U.S.C. § 636(b)(1)(A) (pretrial matters, except those specified in the statute, may be referred to magistrate judge for decision); *see also generally Ocelot Oil Corp. v. Sparrow Ind.*, 847 F.2d 1458, 1465 (10th Cir. 1988); *Hutchinson v. Pfeil*, 201 F.3d 448, 1999 WL 1015557, *2 (10th Cir. Nov. 9, 1999) (unpublished) (non-dispositive sanctions may be determined by magistrate judge).

### I.    The Motion

Plaintiff alleges that he was not timely served with dismissal motions filed by defendants Wright and Lelecas (Doc. 12) and Wyant (Doc. 48). Plaintiff asserts that he did not receive those documents in the mail until July 12, 2021, after the deadline for responding to those motions. (Doc. 69 at 1). According to plaintiff, the Court should

exercise its inherent authority to impose a sanction for bad faith litigation conduct. (*Id.*). While he claims he was belatedly served with dismissal motions of Wright, Lelecas, and Wyant, plaintiff only requests sanctions against defendant Lelecas. (*Id.* at 1-2).

## II.    Analysis

Plaintiff requests that the Court exercise its "inherent authority" to impose sanctions for "bad faith conduct in litigation." (Doc. 69 at 2). Federal courts possess the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Such sanctions may be imposed for a party's bad faith conduct. *Id.* Any sanction must be compensatory and calibrated to any damages caused by the bad faith conduct.  *See id.* A court may sanction a party for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers*, 501 U.S. at 44-46.  The exercise of such inherent powers "must be exercised with restraint and discretion." *Id.* at 44.

Plaintiff's motion is premised on his factual assertion that he did not receive copies of the two dismissal motions (Doc. 12, 48) until after his deadline to respond to the motions. He requests that the Court sanction the defendant Lelecas "for submitting a fraudulent certificate of service and for 'playing lawyer games' with the Plaintiff." (Doc. 69 at 1).

The plaintiff has not established a basis for the imposition of sanctions. There is no evidence of any fraudulent certificate of service or gamesmanship. Plaintiff has utilized multiple, inconsistent addresses since he commenced this case. Thus, the plaintiff caused or contributed to any confusion about service of filings upon him.

Plaintiff filed this lawsuit on March 31, 2021. (Doc. 2). At page two of the Complaint, plaintiff indicated that he "has a mailing address of P O Box 582, Southwest City, MO. 64863." (*Id.* at 2). The Complaint also includes a separate, handwritten address of 68901 East Rd. 370 Jay Oklahoma 74346 under plaintiff's name and signature. (*Id.* at 33). The Civil Cover Sheet filed with the Complaint indicates that plaintiff's residence was in Delaware County (Oklahoma), rather than in Missouri. (Doc. 1). Mail from the Court Clerk, post-marked April 2, 2021 and addressed to plaintiff at the 68901 East Rd. 370 Jay, Oklahoma 74346 address, which plaintiff provided above his signature in the Complaint, was returned as undeliverable for "no mail receptacle." (*See* Doc. 7).

On the date of filing the case, plaintiff caused summonses to be issued to the defendants, including Wright, Lelecas, and Wyant. (Doc. 4 at 7, 9, 11). The summonses directed that the defendants serve their answers to the Complaint or a motion under Fed. R. Civ. P. 12 on the plaintiff "whose name and address" is: "Edwin Turlington 68920 East Road 360, Jay, Oklahoma 74346." (*Id.*). Thus, in separate submissions on the day he initiated this suit, the plaintiff identified 3 separate addresses: a P.O. Box in Missouri; an address on East Rd. 370 in Jay, Oklahoma; and an address on East Rd. 360 in Jay, Oklahoma.[1]

On April 28 and May 30, 2021, Devan A. Pederson, counsel for the referenced defendants, filed motions to dismiss under Fed. R. Civ. P. 12. (Doc. 12, 48). The

---

[1]   The docket now reflects a fourth address, which was apparently provided by the plaintiff with his registration for e-filing, at "Southron Press, LLC OK, 910 Sunset Strip, Miami, OK 74354." (*See* Civil Case Docket sheet).

Certificates of Service for those motions indicate that defense counsel served copies of the dismissal motions on the plaintiff at 68920 East Rd. 360, Jay, OK 74346 (Doc. 12 at 14; Doc. 48 at 10). That is the precise address designated by plaintiff's summonses as the service address for defendants' answers or Rule 12 motions. (*See* Doc. 4 at 7, 9, 11). Mr. Pederson represents in the defendants' response that, at some point after filing the dismissal motions, he learned that plaintiff was using an alternate address, and Pederson began mailing filings to both the address listed in the summons and the separate address provided at page two of the Complaint. Mr. Pederson further indicates that, when he realized that the plaintiff had responded to other defendants' dismissal motions but not the motions of Lelecas and Wyant, Pederson mailed additional courtesy copies of the motions to the plaintiff's alternate P.O. Box address.

Based on the foregoing, there is no factual basis to support a finding that the defendants or their counsel acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers*, 501 U.S. at 46. The defendants' Rule 12 dismissal motions were served at the address that the summonses designated for service on the plaintiff. The later service of additional copies to the alternate address in Missouri, as listed at page two of the Complaint, was an additional step taken by Mr. Pederson to ensure that plaintiff received the dismissal motions.

Moreover, the plaintiff has not identified any damage, harm, or prejudice that he has suffered due to any conduct of the defendants. Even if plaintiff did not receive the motions that were served pursuant to the directions and address provided in the summonses, he received the additional copies by July 12, 2021, and he subsequently filed two separate

4

responses to the dismissal motion of defendants Wright & Lelecas. (*See* Doc. 74, 76). The docket does not reflect that plaintiff has yet responded to the other dismissal motion that he claimed to have received late (Doc. 48), but the plaintiff has now had 24 days to file a response or seek permission to file a response out of time.

The only sanction suggested in plaintiff's Motion is a sanction for attorney fees. (*See* Doc. 69 at 2 [referring to fees and citing attorney fee cases]). As plaintiff is pro se, he does not have attorney fees that could be awarded as a sanction even if there were any basis for sanctions. Also, as the plaintiff has shown no prejudice or harm, he would not be entitled to an award of fees even if he were represented by an attorney. *See Goodyear*, 137 S. Ct. at 1186 (sanction of attorney fees must be compensatory and calibrated to any damages caused by bad faith conduct).

## III. Conclusion

For the foregoing reasons, the plaintiff's Motion for Sanctions (Doc. 69) is **denied**.

A party may file objections to this order within 14 days. Fed. R. Civ. P. 72(a). Any objection shall be filed by August 19, 2021. "A party may not assign as error a defect in the order not timely objected to." *Id.* Thus, only a timely objection will preserve an issue for review by the district court.

IT IS SO ORDERED this 5th day of August, 2021.

Christine D. Little
United States Magistrate Judge